FILED

AUG 14 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LONNIE DONELL PERKINS, | No. 11-16903 |
| Plaintiff - Appellant, | D.C. No. 1:10-cv-01115-GBC |
| v. | |
| R. CRUM, Correctional Officer; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Gerald B. Cohn, Magistrate Judge, Presiding**

Submitted August 8, 2012***

Before:    ALARCÓN, BERZON, and IKUTA, Circuit Judges.

California state prisoner Lonnie Donell Perkins appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging due

---

&ast; This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

&ast;&ast; Perkins consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

&ast;&ast;&ast; The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

process and Eighth Amendment violations in connection with his prison gang validation and placement in the Security Housing Unit ("SHU"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and we affirm.

The district court properly dismissed Perkins's due process claim because Perkins failed to allege facts showing that he was denied due process when he was validated as a gang member. *See Bruce v. Ylst*, 351 F.3d 1283, 1287 (9th Cir. 2003) (prison gang validation decisions need only be supported by "some evidence," and prison officials need only provide the inmate with some notice of the charges against him and an opportunity to present his views).

The district court properly dismissed Perkins's Eighth Amendment claim regarding conditions in the SHU because "administrative segregation . . . is within the terms of confinement ordinarily contemplated by a sentence." *Anderson v. County of Kern*, 45 F.3d 1310, 1316 (9th Cir. 1995) (conditions associated with administrative segregation, such as confinement in a single cell for most of the day, did not violate the Eighth Amendment).

Perkins's request for judicial notice, received on May 3, 2012, is denied.

**AFFIRMED.**